NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK W. DOLLARHIDE; et al., | No.    18-71722 |
| Petitioners-Appellants, | Tax Ct. Nos.21366-14 |
| v. | 23113-12 |
| | 23139-12 |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 4, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Frank and Michelle Dollarhide appeal the Tax Court's order granting the Internal Revenue Service's ("IRS") motion for entry of decision based upon the parties' Stipulation of Settled Issues.  We have jurisdiction pursuant to 26 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 7482(a)(1). We vacate the Tax Court's judgment with respect to the Dollarhides' 2006 tax year and remand for further proceedings.

The Dollarhides argue that the Tax Court erred in granting the IRS's motion for entry of decision on the basis of the parties' settlement because there was no settlement agreement to enforce. We review the Tax Court's enforcement of a stipulation of settled issues for abuse of discretion. *See Bail Bonds by Marvin Nelson, Inc. v. Comm'r of Internal Revenue*, 820 F.2d 1543, 1547 (9th Cir. 1987). The Stipulation of Settled Issues, on which the Tax Court's order granting the IRS's motion for entry of decision is premised, says nothing about the key issue in this case: whether the Dollarhides were barred by the statute of limitations set out in 26 U.S.C. § 6511(b)(2) from receiving a refund for tax year 2006. The Dollarhides contested application of the statute of limitations bar in the Tax Court and continue to do so on appeal.

The Commissioner now concedes that there was no conclusive settlement agreement between the parties with respect to whether the Dollarhides were due a refund for tax year 2006. Because there was no settlement agreement between the parties with respect to this disputed issue, it was an abuse of discretion for the Tax Court to grant the Commissioner's motion and enter a judgment enforcing the parties' purported settlement of this issue. *See Bail Bonds*, 820 F.2d at 1547. We thus vacate and remand on this ground and do not reach the Dollarhides' remaining

2

arguments on appeal.

**VACATED and REMANDED.**